BETHLEHEM STEEL CORPORATION, Plaintiff,

v.

UNITED STATES, Defendant.

Court No. 82–10–01369.

United States Court of International Trade.

Oct. 18, 1983.

See also, D.C., 578 F.Supp. 418.

Law Offices of Eugene L. Stewart, Washington, D.C. (Eugene L. Stewart, Terence P. Stewart and Paul W. Jameson) and Law Dept., Bethlehem Steel Corp., Washington, D.C. (Curtis H. Barnette, Gen. Counsel; Meredith Hemphill, Jr., Asst. Gen. Counsel, Bethlehem, Pa., Laird D. Patterson, Gen. Atty., Washington, D.C., and Roger W. Robinson, Gen. Atty., Bethlehem, Pa.), for plaintiff Bethlehem Steel Corp.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Francis J. Sailer, Atty., Commercial Litigation Branch, Washington, D.C., for the United States.

Busby, Rehm & Leonard, P.C., Washington, D.C. (Larry E. Klayman, Washington, D.C., of counsel), for defendant-intervenor Highveld.

Office of the Gen. Counsel, U.S. Intern. Trade Com'n (Michael H. Stein, Gen. Counsel, Michael P. Mabile, Asst. Gen. Counsel, Warren H. Maruyama, Atty.), Washington, D.C. for amicus curiae U.S. Intern. Trade Com'n.

### Memorandum Opinion and Order on Motion for Access to Confidential Business Information

WATSON, Judge:

Plaintiff Bethlehem Steel Corporation has moved for access to confidential business information in the administrative record which is under judicial review in this action.[1] Access is sought for plaintiff's retained counsel as well as for corporate counsel. Defendant-Intervenor Highveld Steel and Vanadium Corporation Limited (Highveld) has filed in opposition to access to business confidential documents which relate to Highveld. The federal defendant has filed in opposition to access for Bethlehem's corporate counsel but has no objection to access by retained counsel. The Court has examined the material *in camera* and concludes that, on terms which insure its security, it ought to be accessible in its entirety to Bethlehem's retained counsel. The material consists of business confidential information regarding the business of two South African steel producers, all of which relates to the decisions being challenged in this action. The material is necessary for the proper prosecution of the action by plaintiff.

The additional increment of benefit which plaintiff might receive from the participation of its corporate counsel is not sufficient to overcome the Court's perception of the dangers of inadvertent disclosure by corporate counsel. The reasoning of the Court in *U.S. Steel Corp. v. U.S., et*

1. In deciding this motion, the Court has reviewed and incorporated the relevant material from *Bethlehem Steel Corp., et al. v. United States,* Consol. Court No. 82–3–00288, specifical-

ly the briefs of the parties and *amicus curiae,* Corporate Counsel, and the transcript of oral argument held therein.

*al.,* 6 CIT —— (Slip Op. 83–76, July 22, 1983) applies here *a fortiori.* Where plaintiff is represented by expert and distinguished retained counsel, there is no justification for increasing the calamitous possibility of inadvertent disclosure by disclosing such potent competitive secrets to corporate counsel.

The Court notes that its evaluation of the risk of inadvertent disclosure is based entirely on the fact that corporate counsel are generally working more completely within the corporate environment and sustained, conscious compartmentalization of this potent and memorable information will be markedly more difficult for them than for retained counsel. The probity and integrity of corporate counsel is not questioned by the Court.

For these reasons, plaintiff's motion for access is DENIED with respect to corporate counsel and Granted for the documents listed on the attached Appendix A with respect to Eugene L. Stewart, Terence P. Stewart, Paul W. Jameson, and Kathleen T. Weaver, of the Law Offices of Eugene L. Stewart, subject to the following terms and conditions:

1. The above-named attorneys will treat the information contained in the requested documents (hereafter "confidential information") as confidential to the extent such information is not otherwise available in the public portion of the administrative record.

2. Within five days from the date of entry of this order, defendants will make available to the above-named attorneys, at the offices of the International Trade Administration of the Department of Commerce, for copying or examination, a copy of each of the documents listed in Exhibit A in its entirety, marked "Confidential," subject to the following terms and conditions:

a. All information not otherwise available in the public portion of the administrative record shall be considered as confidential;

b. The above-named attorneys (hereafter "attorneys") shall not disclose the information to anyone (including any officer, shareholder, director, or employee of the plaintiff in this matter) other than their *immediate* office personnel actively assisting in this litigation or in administrative proceedings resulting from an order of this Court, in this litigation, remanding this matter to the administrative agency;

c. The attorneys shall cause all office personnel authorized to see the confidential information to sign a statement of acknowledgment that the information is confidential and that such information will not be disclosed to anyone other than other authorized personnel at the Law Offices of Eugene L. Stewart.

d. Should counsel for Bethlehem consider the services of an expert necessary to the preparation of their case in this litigation, and the expert's services require the use of confidential information, the attorneys shall, prior to providing confidential information to an expert, notify counsel for defendants of their desire to retain an expert and shall provide counsel for defendants with: (1) the *curriculum vitae* of the proposed expert; (2) a description of the measures for safeguarding the confidential information to be made available to the proposed expert; (3) assurances that the proposed expert will provide the parties and the Court with a statement that he/she consents to be bound to the terms of this protective order; and (4) a certification that the proposed expert is independent of the steel industry. No later than ten days from the date of receipt of the above-described information, defendants shall either consent to the use of the expert proposed by counsel for Bethlehem or indicate their objections in writing. If the parties are unable to agree upon an acceptable expert within ten days, counsel for Bethlehem may file an appropriate motion with the Court.

e. The attorneys shall not make more than five (5) copies of any document that is deemed "Confidential" pursuant to this stipulation. A record of each copy made,

and for whom it is made, shall be maintained.

f. Whenever any document subject to the protective order is not being used, it shall be stored in a locked vault, safe, or other suitable container, in a designated location at the Law Offices of Eugene L. Stewart.

· g. The attorneys and their immediate office personnel (as described in 2(b)) shall neither disclose nor use any of the confidential information for purposes other than this litigation or in administrative proceedings resulting from an order of this Court, in this litigation, remanding this matter to the administrative agency.

h. Any document, including briefs and memoranda, which is filed with the Court in this civil action and which contains any of the confidential information shall be conspicuously marked as containing information that is not to be disclosed to the public, and arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, and counsel for the parties who are signatories to this stipulation. The party filing any document referred to in this paragraph shall also file at the same time another copy of such document from which all of the confidential information shall have been deleted.

i. Any briefs or memoranda containing confidential information shall be served in a wrapper conspicuously marked on the front "Confidential—to be opened only by (the names of the attorneys handling the case)" and shall be accompanied by a separate copy from which the confidential information shall have been deleted.

j. If it should become necessary to introduce in evidence any documents containing the confidential information, counsel for the respective parties shall propose whatever mechanism may be available and appropriate to limit publication of the documents to an extent no wider than is necessary for purposes of this litigation.

k. Upon conclusion of this litigation, the attorneys shall return all documents containing confidential information and any and all copies made of such documents, including any documents or copies held by persons authorized under this order to have access thereto, except for copies which contain work notes of the attorneys or other authorized persons, which copies shall be destroyed. The return of such documents shall be accompanied by a certificate executed by a member of the Law Offices of Eugene L. Stewart attesting that the provisions of this paragraph have been complied with in all respects.

m. The attorneys shall promptly report any breach of the provisions of this stipulation to the Court; and it is further

ORDERED that the confidential status of all those documents in the administrative record (which record has been filed in this civil action (and in Court No. 82–10–01361)) which have been designated as "business confidential" (including those listed in Exhibit A) be maintained, except as provided above, until further order of the Court.

## APPENDIX A

### EXHIBIT A

| Page | Date | Title-Description |
|---|---|---|
| 1664–1683 | 4/20/82 | Questionnaire response and attachments |
| 2069–2070 | Undated | Highveld reconciliation between 1981 taxable income and financially reported income |
| 2071 | Undated | ISCOR reconciliation |
| 2126–2127 | Undated | Equity infusions into ISCOR from 1968 |
| 2766–2812 | 5/10/82 | Supplementary questionnaire response from Highveld |
| 2817–2821 | 5/14/82 | Letter from Pienaar to Carmen with ISCOR supplementary questionnaire reponse |
| 3647 | 7/1/82 | ISCOR Loans |
| 3755–3764 | 7/19/82 | Verification report and exhibits |
| 3765 | Undated | Discount rate calculation |
| 3766–3768 | Undated | Quarterly Bulletin (December 1981)—South African Reserve Bank |
| 3769 | Undated | Equity calculations for ISCOR |

ISCOR Exhibits:

| | | |
|---|---|---|
| 3872–3881 | Undated | Printout of value of volume |
| 3885–3886 | Undated | ISCOR 1981 Tax Assessment |
| 3887–3888 | Undated | Statement of certain financial figures & facts for 1978–1981 |

| | | |
|---|---|---|
| 3889–3890 | Undated | Loan schedule A–B—(foreign loans guaranteed by the S.A. government) |
| 3891–3939 | Undated | Handlsbank's Investment Banking Activities |
| 3940–3947 | Undated | ISCOR loan prospectus 1981 |
| 3948–3969 | Undated | ISCOR loan prospectus 1977 |
| 4008–4014 | Undated | Summary of ISCOR loans |
| 4015–4019 | Undated | Backup document for pages 3887–3888 |
| 4020 | Undated | Sample of effective cost of guaranteed loans |

Highveld Exhibits:

| | | |
|---|---|---|
| 4030–4031 | Undated | Section and plate exports to U.S.A. |
| 4035 | Undated | Revised Reconciliation between 1981 taxable and reported income |
| 4036 | Undated | Revised answer to Question IV A Subsection 4 of the Questionnaire |